ARMANDO VALLE, Plaintiff and Appellee, v. MONSERRATE ARROYO, Defendant and Appellant.

No. 8338. Argued June 26, 1941.—Decided July 21, 1941.

*Rafael Atiles Moréu* for appellant. *Edelmiro Soldevila* for appellee..

MR. JUSTICE TRAVIESO delivered the opinion of the court.

In the complaint filed in this case it is alleged that for more than one year prior to August 12, 1940, the plaintiff had been in possession as owner of a rural property of 274.86; acres (*cuerdas*) located in the municipal district of Villalba; that, according to *plaintiff's information and belief*, on Au-

gust 12, 1940, the defendant personally entered the said property, *forcibly and clandestinely,* occupied a house existing therein, and threatened to collect and appropriate to herself the fruits of the immovable; that, *on information and belief,* the defendant has refused to acknowledge the plaintiff as the civil possessor of the immovable, preventing him personally or through his agents from entering the said property for the purpose of tilling the same and gathering the crops; that the defendant has refused to vacate the property and has publicly stated that she is the owner thereof and has threatened the plaintiff with serious bodily harm if he attempts to enter it.

The defendant timely filed a motion to strike out and, besides, a demurrer for insufficiency. She also filed an answer.

In her motion it was sought to strike out paragraphs 3 and 4 of the complaint "because a plaintiff in an injunction proceeding to recover possession can not allege, on information and belief, facts which are presumably within his personal knowledge; and if he does not know them, the complaint must be verified by a third person who knows the facts but not by the plaintiff who has no direct knowledge thereof."

After a hearing on the motion to strike out and on the demurrer, and after the court had ordered the striking out of the answer at the instance of the defendant, the District Court of Ponce gave judgment for the plaintiff. Feeling aggrieved by that judgment, the defendant took the present appeal, in which she urges that the lower court erred in denying her motion to strike out, in overruling her demurrer, and in entering judgment on the pleadings upon the basis of an insufficient complaint. We will discuss the three assignments together as there is a single legal question involved, which we state thus: Is the complaint in an injunction proceeding to recover possession defective and insuffi-

cient for the sole reason that certain essential facts therein are alleged by the plaintiff on information and belief?

■■ Section 690 of the Code of Civil Procedure, 1933 ed., grants to any person who has been disturbed in, or deprived of, the possession or tenancy of real property the right to apply for an injunction for the retention or recovery of said possession. Section 691 of the same code provides that the complaint shall be *drafted and sworn to* pursuant to the provisions of the Code of Civil Procedure, and shall set forth that the complainant was within the year preceding the filing of the complaint in the actual possession of the property described in said complaint and that he has been deprived of such possession, and shall contain a description of the facts constituting the deprivation.

In the case at bar the complaint contains all the allegations prescribed in section 691, *supra,* and the same are sufficient to justify a judgment on the pleadings.

Section 118 of the Code of Civil Procedure in its pertinent part reads as follows:

"....In all cases of a verification of a pleading, the affidavit of the party must state that the same is true of his own knowledge, except as to the matters which are therein stated to be on his information and belief, and as to those matters, that he believes it to be true; ...."

The verification of the complaint in the instant case complies with all the requirements of the above statute.

The decision in *Forastieri* v. *Longo,* 55 P.R.R. 197, 199, has no application to the instant case. The following *dictum,* on which the appellant relies, appears on page 206:

"....If, as alleged by the defendants and as it was shown by the evidence, the tract of land described in the answer is the same possession of which plaintiff claims, the defendants should not have denied the allegations of the complaint for lack of information and belief, as the fact of their being or not in the possession of a certain tract of land is one which is within their personal knowledge, and

they do not need any information to admit or deny it; but as that was not the objection raised by plaintiff...."

In the case at bar, the only allegation of the complaint on information and belief is the illegal entry by the defendant upon the property owned by the plaintiff and the refusal of the defendant to vacate the same. Such facts are not necessarily within plaintiff's personal knowledge, as it is possible that the defendant might have entered the property in the absence of plaintiff, and that the latter might have been advised thereof by his servant or neighbors.

 The fact that a person other than the plaintiff, with personal knowledge of the facts which are not known to the plaintiff, might be entitled to verify the complaint, as was decided in *Ruiz* v. *Moreno,* 40 P.R.R. 730, does not preclude plaintiff from verifying such complaint, as an interested party, on information and belief, for it is so authorized by Section 118 of the Code of Civil Procedure.

The lower court did not err in entering judgment on the pleadings. The judgment appealed from must be affirmed.